# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO, JR., <br><br> Plaintiff, <br><br> v. <br><br> J.S.T. LLC, et al., <br><br> Defendants. | Case No. 1:18-cv-01682-DAD-SAB <br><br> ORDER REQUIRING PLAINTIFF TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING SUFFICIENCY OF SERVICE OF PROCESS <br><br> DEADLINE: SEPTEMBER 24, 2019 <br><br> (ECF Nos. 6, 7, 15) |

Plaintiff filed this action against Defendants J.S.T. LLC ("JST") and Chase, Inc. ("Chase") (collectively "Defendants") alleging violation of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act. (Compl., ECF No. 1.) On August 9, 2019, Plaintiff filed a motion for default judgment that is currently set for hearing on September 25, 2019. (ECF No. 15.)

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment. See J & J Sports Prods., Inc. v. Singh, No. 1:13-CV-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (if party "failed to serve [defendant] in the earlier action, the default judgment is void and has no res judicata effect in this action."). Based upon

review of the executed summonses returned and filed in this matter, the Court shall require Plaintiff to file supplemental briefing explaining the inconsistencies in the executed summonses.

First, according to the proofs of service, service was effectuated on Defendant Chase through personal service on Chase's agent on February 17, 2019 at 6:02 p.m., and service was effectuated on Defendant JST through personal service on JST's agent on February 17, 2019 at 6:02 p.m. (ECF Nos. 6, 7.) The information on the face of the documents purports to demonstrate that service was completed by the same process server on two different agents of Defendants at two different addresses at precisely the same time, a seemingly impossible feat. (Id.) The Court shall require Plaintiff to file supplemental briefing, including declarations or other exhibits as necessary, explaining this inconsistency in the filed executed summonses.

Second, and less concerning but worth addressing given the above inconsistency, the Court also notes that while the names of the agents served correctly reflect the agents registered for these entities with the California Secretary of State, the addresses where service was allegedly effectuated do not correlate with the addresses on file with the California Secretary of State. According to the records filed with the California Secretary of State, Defendant Chase's agent for service of process is Bob Shiralian at 3754 W. Holland Ave., Fresno, California 93722. According to the records filed with the California Secretary of State, Defendant JST's agent for service of process is Stephen Shehadey at 405 North Palm Ave., Fresno California, 93701. According to the service documents, Defendant Chase's agent Bob Shiralian was served at 2563 W. Lake Van Ness Cir., Fresno, California, 93711 (ECF No. 6), and Defendant JST's agent Stephen Shehadey was served at 928 E. Windsor Cir., Fresno, CA 93720 (ECF No. 7). The Court notes that the California Department of Alcoholic Beverage Control report attached to Plaintiff's motion (ECF No. 15-8 at 6, 16), does include the addresses reflected on the proofs of service, however, the Court shall require Plaintiff to provide supplemental briefing, including declarations or other exhibits as necessary, explaining why the summonses were served at these addresses and not at the addresses for the Defendants' agents on file with the California Secretary of State.

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file supplemental briefing addressing the issues identified in this order, on or before September 24, 2019.

IT IS SO ORDERED.

Dated: **September 18, 2019**

_____
UNITED STATES MAGISTRATE JUDGE