# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO, JR., <br><br>  Plaintiff, <br><br> v. <br><br> J.S.T. LLC, et al., <br><br>  Defendants. | Case No. 1:18-cv-01682-DAD-SAB <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br><br> (ECF No. 19) |

Rafael Arroyo, Jr., ("Plaintiff"), filed this action against J.S.T. LLC and Chase, Inc. (collectively "Defendants") alleging violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (ECF No. 1.) Default was entered against Defendants on March 27, 2019. (ECF Nos. 10, 11.) On July 11, 2019, the Court ordered Plaintiff to either file a motion for default judgment, or a written response showing why this action should not be dismissed for failure to prosecute. (ECF No. 13.) On August 9, 2019, Plaintiff filed a motion for default judgment and set the motion for hearing on September 25, 2019. (ECF No. 15.) No parties appeared at the September 25, 2019 hearing on Plaintiff's motion for default judgment. (ECF No. 20.)

Prior to the scheduled hearing, the Court noticed a discrepancy concerning the proofs of service of the summonses filed in this action, and on September 19, 2019, the Court ordered supplemental briefing to be filed by September 24, 2019, the day prior to the September 25, 2019

1

hearing on the motion for default judgment. (ECF No. 16.) On September 24, 2019, Plaintiff filed a corrected proof of service of summons form, along with further documentation by way of an affidavit from the process server. (ECF No. 17.) However, Plaintiff did not file anything in the form of supplemental briefing directly responding to the questions posed in the Court's September 19, 2019 order requiring supplemental briefing, prior to the scheduled hearing. (ECF No. 17.) On September 25, 2019, the Court attempted to hold the hearing on Plaintiff's motion, however, Plaintiff failed to make any appearance or notify the Court that Plaintiff would not be appearing for the hearing. (ECF No. 20.) Immediately following the hearing on September 25, 2019, the undersigned issued an order requiring Plaintiff to show cause, within five days of service of the order, why this action should not be dismissed for failure to appear at the hearing and failure to prosecute this action. (ECF No. 19.) Prior to the Court's order to show cause was docketed, Plaintiff untimely filed a response to the Court's September 19, 2019 order requiring supplemental briefing, and apologized to the Court for not filing the supplemental briefing by the Court imposed deadline of September 24, 2019. (ECF No. 18.) Plaintiff's supplemental briefing, filed after the scheduled hearing time on September 25, 2019, made no mention of the hearing nor any statement explaining why Plaintiff was unable to appear at the hearing, and thus it appears at the time of filing, Plaintiff's counsel was oblivious to the fact that no counsel for Plaintiff made an appearance at the hearing scheduled for that morning on Plaintiff's motion for default judgment. (ECF No. 18.)

On September 30, 2019, Plaintiff's counsel filed a declaration in response to the Court's September 25, 2019 order to show cause. (Decl. Christopher A. Seabock ("Seabock Decl"), ECF No. 22.) Plaintiff's counsel declares that following the filing of the motion for default judgment, counsel's staff was directed to calendar the hearing date, however, the staff member failed to insert the scheduled hearing date in the firm's appearance calendar, and consequently no counsel for Plaintiff appeared at the scheduled hearing. (Seabock Decl. ¶¶ 3-5.) Plaintiff's counsel apologizes for the oversight and recognizes that the error unnecessarily caused the Court to expend time and resources. (Seabock Decl. ¶ 9.) Plaintiff's counsel emphasizes "it was an innocent clerical error and Plaintiff should not be deprived his day in court based thereupon."

(Seabock Decl. ¶ 9.)  Plaintiff's counsel also declares that "[f]urther, Plaintiff's desire to prosecute this suit to its terminus is evidenced by counsel's response to another Order related to the service of the motion for default judgment, filed September 25, 2019 . . . [h]ad Plaintiff opted to not prosecute this matter, he would not have filed a Response the same day he failed to appear." (Seabock Decl. ¶ 8.)[1]

The Court accepts Plaintiff's counsel's explanation for the failure to appear at the hearing and shall discharge the order to show cause.  The Court also notes that counsel states "Plaintiff is renoticing the motion for a new date and will proceed to resolve this case promptly." (Seabock Decl. ¶ 7.)  It is not necessary for Plaintiff to notice another hearing on the motion for default judgment as the Court finds the matter suitable for decision based on the filings and record before the Court and shall issue an order in due course.

Based on the declaration of counsel, the order to show cause, filed September 25, 2019 (ECF No. 19), is HEREBY DISCHARGED.

IT IS SO ORDERED.

Dated:  **October 2, 2019**

UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court appreciates Plaintiff did file supplemental briefing on September 25, 2019, as described above, the supplemental briefing was filed late even though a corrected summons was filed by the deadline of September 24, 2019, the day prior to the scheduled hearing.  The September 19, 2019 order requiring supplemental briefing stated in the second sentence that the motion for default judgment was set for hearing on September 25, 2019.  The Court's intent in setting the deadline to file supplemental briefing as the day prior to the scheduled hearing was to afford Plaintiff sufficient time to respond to the Court's questions, and the Court feels it should have been apparent that a hearing was upcoming in relation to the ordered supplemental briefing and counsel should have been cognizant of the upcoming hearing regardless of any calendaring error. (ECF No. 16.)  While in the supplemental briefing, Plaintiff's counsel declares they were unavailable on September 23 and 24, 2019, and acknowledged at the time of filing that the supplemental briefing was filed late, from review of the docket, it appears that counsel filed the corrected summons on September 24, 2019, with a signature from the process server dated September 23, 2019, and thus counsel or staff was working on a response to the supplemental briefing prior to September 24, 2019, and yet still filed the supplemental briefing late, after the scheduled hearing, in addition to failing to appear at the hearing.